Peter John RAMIK, Kimberly Dawn Marie Ramik, David E. Kovacs, Brenda M. Kovacs, and Beth Kinard, Plaintiffs,

v.

DARLING INTERNATIONAL, INC., Defendant.

City of Melvindale, Plaintiff,

v.

Darling International, Inc., Defendant.

Civ. Action Nos. 98–40276, 98–40439.

United States District Court, E.D. Michigan, Southern Division.

July 30, 1999.

Peter W. Macuga, II, Steven D. Liddle, Macuga, Swartz, Detroit, MI, for plaintiffs.

William H. Horton, Michael R. Turco, Cox, Hodgman, Troy, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

Before the court are two separate motions for partial dismissal and/or summary judgment filed by defendant, Darling International, Inc., with respect to the claims asserted against it in both above-captioned actions. As set forth more fully below, many of the claims raised in the two mo-

tions are essentially identical. For the reasons set forth below, this court will grant the motions in part, and deny them in part.

**Factual Background**

Defendant, Darling International, Inc., owns and operates a "rendering" plant in the City of Melvindale. Rendering is a form of "recycling" that involves using heat and pressure to reduce dead animals and inedible animal parts from the slaughtering process into ingredients for consumer, medical and industrial products. Two separate actions have now been filed against defendant resulting from complaints about defendant's business practices.

Plaintiffs in the first action (hereinafter the "resident plaintiffs"), *Ramik v. Darling Int'l, Inc.*, 98–40276, are a class[1] of residents of Melvindale who assert that defendant's plant emits noxious odors and pollutants including animal by-product air contaminants into the area in which their homes are located. The resident plaintiffs contend that the exposure to these odors and pollutants has interfered with the use and enjoyment of their property and caused the diminution in the market value of their property. In addition, the resident plaintiffs contend that they have suffered mental anguish, anxiety, embarrassment and humiliation.

Accordingly, the resident plaintiffs filed suit for injunctive relief and damages on February 22, 1998 in Wayne County Circuit Court. The complaint asserts claims for nuisance, trespass and negligence. Defendant subsequently removed the case to this court. On August 21, 1998, the resident plaintiffs filed a motion for remand. On October 27, 1998, this court entered a memorandum opinion and order denying the resident plaintiffs' motion for remand.

On January 8, 1999, the resident plaintiffs filed a motion for class certification.

On May 24, 1999, this court entered an order granting the resident plaintiffs' motion for class certification in part, certifying a class for injunctive relief only pursuant to Fed.R.Civ.P. 23(b)(2). This court declined to certify a plaintiff class for damages pursuant to Fed.R.Civ.P. 23(b)(3) because the resident plaintiffs were unable to demonstrate that common issues of law and fact predominated among the claims of the individual members of the purported class.

Meanwhile, a second action, *City of Melvindale v. Darling Int'l, Inc.*, 98–40439, was filed against defendant by the City of Melvindale setting forth nearly identical claims to those contained in the first action. Specifically, the City asserts claims for nuisance, trespass, negligence, and violation of a city ordinance prohibiting the creation of a public nuisance. The factual bases for the two complaints are nearly identical.

On April 30, 1999, defendant filed the instant motion for partial dismissal and/or summary judgment in the *Ramik* case. On May 17, 1999, defendant filed a similar motion for partial dismissal and/or summary judgment in the *City of Melvindale* case.

**Discussion**

**1. Standard for dismissal pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint which fails "to state a claim upon which relief can be granted." Rule 12(b)(6) affords the individual defendants in this case an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief on his complaint even if everything alleged in the complaint is true. In applying the standards under Rule 12(b)(6), the court must presume all well-

---

1. As set forth more fully below, on March 24, 1999, this court entered a memorandum opinion and order certifying a plaintiff class *for injunctive relief only* pursuant to Fed.R.Civ.P. 23(b)(2). Accordingly, with respect to plaintiffs' claims for damages, the only active plaintiffs in this action are the named plaintiffs, Peter John Ramik, Kimberly Dawn Marie Ramik, David E. Kovacs, Brenda M. Kovacs and Beth Kinard.

pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). The court need not, however, accord the presumption of truthfulness to any legal conclusion, opinions or deductions, even if they are couched as factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 629 (9th Cir.1981); *Mitchell v. Archibald & Kendall, Inc.*, 573 F.2d 429, 432 (7th Cir.1978); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir.1956). Dismissal for failure to state a claim is disfavored:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir.1994) (stating that a motion to dismiss should be denied unless "it is clear that the plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief").

If, on a motion pursuant to Rule 12(b)(6); matters outside the pleadings are presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Fed.R.Civ.P. 12(b).

## 2. Standard for summary judgment pursuant to Rule 56

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir. 1992); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration*, 14 F.3d 1143, 1148 (6th Cir. 1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir.1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the

United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991).

### 3. Analysis

In the instant motions for partial dismissal and/or summary judgment, defendant makes the following claims:

A. In the *Ramik* case, defendant claims that:

i.) the resident plaintiffs' claims for exemplary and punitive damages should be dismissed because those damages are unavailable under Michigan law in this case;

ii.) the resident plaintiffs' trespass claims should be dismissed because odors are insufficient to constitute a physical invasion upon plaintiffs' property interfering with possession, and are rather a non-physical invasion interfering with use and enjoyment more appropriately addressed under the law of nuisance;

iii.) plaintiffs' negligence count should be stricken from the complaint pursuant to Fed.R.Civ.P. 12(f) as redundant with plaintiffs' nuisance count; and

iv.) plaintiffs' damage claims are partially barred by the applicable statute of limitations.

B. In the *City of Melvindale* case, defendant claims that:

i.) the City's trespass claims should be dismissed because odors are insufficient to constitute a physical invasion interfering with possession;

ii.) the City's negligence count should be stricken as redundant with the City's nuisance count;

iii.) the City's damage claims are partially barred by the applicable statute of limitations; and

iv.) the City's claims on behalf of its residents should be dismissed because the City lacks standing to sue on the residents' behalf.

As will be set forth more fully below, with certain minor exceptions, the arguments offered by the parties in the two cases with respect to issues (A)(ii) –(iv) and (B)(i) –(iii) are virtually identical.

### A. The *Ramik* case

### i. Punitive and exemplary damages

Defendant's first argument in support of the instant motion in the *Ramik* case is that plaintiffs' claims for punitive and exemplary damages should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because those damages are unavailable under Michigan law.

At the outset, this court notes that the resident plaintiffs conceded both in their written response to the instant motion and at oral argument that punitive damages are not available under Michigan law. *See Hicks v. Ottewell*, 174 Mich.App. 750, 756, 436 N.W.2d 453 (1989) (holding that in Michigan, "punitive damages may not be awarded"). Accordingly, this court will grant defendant's motion as it relates to the resident plaintiffs' claims for punitive damages.

This court will now turn to the question of exemplary damages. To establish that they are entitled to exemplary damages, plaintiffs must establish that the act giving rise to the damages is voluntary, that the voluntary act inspired feelings of humiliation, outrage, and indignity, and

that the conduct was malicious or so willful and wanton as to demonstrate a reckless disregard of plaintiffs' rights. *See Veselenak v. Smith,* 414 Mich. 567, 574, 327 N.W.2d 261 (1982). The Michigan Supreme Court has noted that "[w]hen compensatory damages can make the injured party whole, this Court has denied exemplary damages." *Hayes–Albion Corp. v. Kuberski,* 421 Mich. 170, 187, 364 N.W.2d 609 (1984).

■ Defendant's first claim with respect to exemplary damages is that plaintiffs are not entitled to seek exemplary damages on their nuisance claim because such damages are not authorized by statute. As the court noted in *B & B Inv. Group v. Gitler,* 229 Mich.App. 1, 581 N.W.2d 17 (1998), "where a cause of action is statutorily based, there must be a basis in the statute for awarding exemplary damages, i.e. either an express provision or a legislative history from which one could infer 'a legislative intent to provide such an unusual remedy.'" *Id.* 581 N.W.2d at 21 (quoting *Eide v. Kelsey– Hayes Co.,* 431 Mich. 26, 54–55, 427 N.W.2d 488 (1988) and citing *Peisner v. Detroit Free Press, Inc.,* 421 Mich. 125, 134–35, 364 N.W.2d 600 (1984)). Defendant contends that Michigan's nuisance statute, Mich.Comp.Laws § 600.2940, does not include any express provision authorizing exemplary damages, and accordingly, defendant argues that such damages are not available to plaintiffs with respect to their nuisance claim.

In response, plaintiffs rely on subsection (2) of the statute, which provides that "[w]hen a plaintiff prevails on a claim based on private nuisance, he may have judgment for damages...." Mich.Comp. Laws § 600.2940(2). Plaintiffs argue that the legislature's decision simply to include the word "damages" indicates that the legislature did not intend to limit a plaintiff's recovery with respect to *any* type of damages, including exemplary damages.

This court rejects plaintiff's argument. As the *B & B* court noted, "[i]n enacting other statutes, the Legislature has includ-

ed words expressly providing for exemplary damages where it has intended that they be recoverable." *B & B,* 229 Mich. App. at 10, 581 N.W.2d at 21 (citing *Eide,* 431 Mich. at 55, 427 N.W.2d 488). Given the Michigan legislature's failure to include a specific provision authorizing exemplary damages under Mich.Comp.Laws § 600.2940, this court finds that plaintiffs are not entitled to recover such damages under the nuisance count contained in plaintiffs' complaint.

■ Defendant next argues that exemplary damages are also not available under plaintiffs' negligence count. Defendant relies primarily on *Veselenak,* in which the Michigan Supreme Court noted that:

[a]s a practical matter, the conduct we have found sufficient to justify the award of exemplary damages has occurred in the context of the intentional torts, slander liable, deceit, seduction, and other intentional (but malicious) acts. Due to the required mental element, negligence is not sufficient to justify an award of exemplary damages.

*Id.* at 575, 327 N.W.2d 261. Relying on this language, defendant contends that exemplary damages are not available in a negligence action. This contention, however, rests on a misunderstanding of the *Veselenak* decision. In *Veselenak,* the plaintiffs brought a medical malpractice action against their physician. Ultimately, the court declined to allow exemplary damages in that case, but its holding was not based on a *per se* rule that exemplary damages are never available in the context of an action for negligence. The above-quoted language was meant only to provide that the mental state of mere negligence is insufficient to support a claim for exemplary damages. The court, however, assumed for the purposes of its decision in *Veselenak,* without ever affirmatively deciding the issue, that the conduct alleged in the context of that medical malpractice case was sufficiently willful and wanton as to demonstrate a reckless disregard for the plaintiffs' rights and, therefore provid-

ed a sufficient basis for exemplary damages within the context of that negligence action. Accordingly, the Supreme Court in *Veselenak* did not create a *per se* rule that such damages are inappropriate in a negligence action. *See also Green v. Evans,* 156 Mich.App. 145, 151, 401 N.W.2d 250 (1985) (noting that the "contention that exemplary damages [are] not awardable [in a negligence] action is not supported by the *Veselenak* decision or other Michigan authority").

The Court's holding in *Veselenak* was based on the fact that the jury was instructed *both* that plaintiffs' actual damages included pain, suffering and mental anguish *and* that exemplary damages could be awarded for injury to plaintiffs' feelings flowing from conduct which enhanced pain, suffering, humiliation, mental anguish or disgrace. The *Veselenak* court found that, under Michigan negligence law, the plaintiffs' claims for pain, suffering and mental distress were subsumed within plaintiffs' claims for ordinary damages. *See id.* at 574, 327 N.W.2d 261 (holding that "actual damages, where properly pled, now include compensation for shame, mortification, mental pain and anxiety, and for annoyance, discomfiture, and humiliation" (citations omitted)). Accordingly, the *Velesenak* court found that the trial court, by giving an additional instruction on exemplary damages, had improperly allowed the plaintiffs to be doubly compensated for the same injury.

In a subsequent case, the Michigan Supreme Court clarified its holding in *Veselenak,* providing:

> [i]n the absence of a legislative prescription for exemplary damages, we held in *Veselenak* that compensatory-type exemplary damages are merely a component of actual damages attributable to defendant's conduct and hence should not be separately awarded.

*Peisner v. Detroit Free Press,* 421 Mich. 125, 135 n. 10, 364 N.W.2d 600 (1984).

Clearly, the plaintiffs' negligence claims in this case are not brought pursuant to any statute authorizing exemplary damages. Accordingly, while plaintiffs are entitled to pursue damages for pain, suffering, mental anguish, humiliation and outrage, plaintiffs are not entitled to separately recover for these alleged injuries both as actual damages and exemplary damages.

This court does note that, considering only the pleadings in this case, plaintiffs have included allegations that, if factually supported, would be sufficient to justify an award of exemplary damages. Specifically, plaintiffs have included allegations of conduct from which a reasonable juror could infer at least that defendant acted with a reckless disregard of plaintiffs' rights. Under those circumstances, and given that *Veselenak* does not provide a *per se* rule that exemplary damages are unavailable in negligence actions, the plaintiffs are left with two choices. First, plaintiffs may forego their claims for exemplary damages and opt for a jury instruction on actual damages that includes elements of pain, suffering and mental anguish. This first option would essentially provide the result reached by the *Veselenak* court. Alternatively, plaintiffs may request an instruction on actual damages that does not include any mention of mental injury, and then request a separate instruction on exemplary damages. This second option comports with the holding of the Michigan Court of Appeals in *Green,* 156 Mich.App. at 151, 401 N.W.2d 250.

■ Because plaintiffs' complaint includes allegations that, if proven, arguably would support an award of exemplary damages, plaintiffs may be entitled to those damages under their negligence count. Accordingly, this court will deny defendant's motion for partial dismissal as it relates to plaintiffs' claims for exemplary damages.[2]

2. This court notes that the parties also submitted argument on the propriety of awarding exemplary damages resulting from the alleged

trespass in this case. Defendant argues primarily that plaintiffs' trespass count should be dismissed, and accordingly any discussion of

### ii. Plaintiffs' trespass claims

■ Defendant's second claim in the instant motion filed in the *Ramik* case is that defendant is entitled to dismissal of or, in the alternative, summary judgment on, plaintiffs' claims of trespass. The gravamen of defendant's claim is that plaintiffs' have alleged merely that they have been subjected to foul and noxious odors. Defendant argues that such allegations are insufficient to ground a claim of trespass under Michigan law.

■ It is well-settled that "trespass is an invasion of the plaintiff's interest in the exclusive possession of his land, while nuisance is an interference with his use and enjoyment of it." *Hadfield v. Oakland Co. Drain Comm'r*, 430 Mich. 139, 151, 422 N.W.2d 205 (1988). The question before the court is whether the specific invasion complained of in this case constitutes a trespass. This court notes that Michigan law on this issue is extremely sparse. Accordingly, the parties have resorted to the law of other jurisdictions to argue their respective positions.

Defendant has cited a number of cases in which courts have held specifically that claims related to intrusions of odor are more appropriately framed as claims for nuisance rather than claims for trespass. *See, e.g., Padilla v. Lawrence*, 101 N.M. 556, 685 P.2d 964, 971 (Ct.App.1984) (noting that "[w]here there is no physical invasion of property, as with intangible intrusions such as noise and odor, the cause of action is for nuisance rather than for trespass"); *Wilson v. Interlake Steel Co.*, 32 Cal.3d 229, 185 Cal.Rptr. 280, 649 P.2d 922, 924 (1982) (holding that "[a]ll intangible intrusions such as noise, odor, or light alone, are dealt with as nuisance cases, not

trespass"). As the Alabama Supreme Court noted in *Borland v. Sanders Lead Co.*, 369 So.2d 523 (Ala.1979):

> For an indirect invasion to amount to an actionable trespass, there must be an interference with plaintiff's exclusive possessory interest; that is, through the defendant's intentional conduct, and with reasonable foreseeability, some substance has entered upon the land itself, affecting its nature and character, and causing substantial actual damage to the res.

*Id.* at 530; *see also Born v. Exxon Corp.*, 388 So.2d 933, 934 (Ala.1980) (noting that it "seems clear from *Borland* ... that in order for one to be liable to another for trespass, the person ... must intentionally cause some 'substance' or 'thing' to enter upon another's land"). Defendant claims that plaintiffs' allegations in the *Ramik* case amount only to allegations that they have been subjected to foul and noxious odors, interfering with the use and enjoyment of their property. Defendant contends that such allegations, even if true, state a claim for nuisance, not for trespass.

In response, the resident plaintiffs argue primarily that noxious odor is, indeed, sufficient to constitute a trespass. The resident plaintiffs rely on a modern trend which finds courts increasingly willing to find actionable trespass in instances involving particles that are invisible to the naked eye yet physical in nature. *See Adkins v. Thomas Solvent Co.*, 440 Mich. 293, 310 n. 23, 487 N.W.2d 715 (1992) (citing *Bradley v. American Smelting & Ref. Co.*, 104 Wash.2d 677, 709 P.2d 782 (1985)). Plaintiffs cite a number of cases in which an invasion of "invisible particles" was found to constitute a trespass. *See, e.g., Bradley*

the propriety of awarding exemplary damages under that count would be moot. For the reasons set forth in ¶ A(ii), *infra*, this court accepts defendant's argument that plaintiffs' trespass count should be dismissed, and accordingly this court does not need to reach the issue of whether exemplary damages would be available under the law of trespass. This court does note, however, that trespass is an intentional tort of the type the *Veselenak*

Court specifically held would support a claim for exemplary damages. *See Veselenak*, 414 Mich. at 575, 327 N.W.2d 261. Accordingly, if that count were to survive, and if plaintiffs could satisfy all of the elements required for an award of exemplary damages (*see id.* at 574, 327 N.W.2d 261), such an award would be appropriate under plaintiffs' trespass count.

v. *American Smelting & Ref. Co.*, 104 Wash.2d 677, 709 P.2d 782 (1985); *Zimmer v. Stephenson*, 66 Wash.2d 477, 403 P.2d 343 (1965); *Martin v. Reynolds Metals Co.*, 221 Or. 86, 342 P.2d 790 (1959). Plaintiffs then go on to claim that some "microscopic airborne odor particles" have been emitted by defendant's facility, giving rise to an actionable trespass in this case.

■ This court rejects plaintiffs' argument on this point. Each of the cases cited by plaintiffs in which courts have found an actionable trespass are distinguishable from the instant case in one vital respect. All of those cases involved some "substantial actual damage to the res." In *Bradley,* the defendant's facility emitted certain particulate matter which resulted in deposits of cadmium and arsenic on plaintiffs' land. In *Zimmer,* a spark emanating from a piece of farm equipment driven by defendant caused a fire which resulted in substantial damage to crops contained on the plaintiff's property. In *Martin,* a facility operated by the defendant emitted gases and fluoride particulates which settled on the plaintiffs' land making it unfit for consumption by livestock. The other cases cited by plaintiff contain claims of similar substantial actual damage to the res. Accordingly, this court finds that odor alone, without some attendant actual damage to the res, does not constitute interference with possession sufficient to ground a trespass claim.

In this case, plaintiffs' complaint includes claims that "pollutants, including animal by-product air contaminants, [have] entered, settled and physically invaded plaintiffs' ... property...." Such claims may be sufficiently broad to state a claim for trespass under Rule 12(b)(6), but plaintiffs have never pursued before this court any argument related to any alleged damage they have suffered other than the "Darling Odor." Nor have plaintiffs' discovery responses to this point alleged any actual damage to their homes or property. There is no claim that any particles or filmy substance has settled on or within plaintiffs' homes. There is no allegation of any actual intrusion of foreign matter. There is no allegation of any structural damage to any of the plaintiffs' homes. Rather, plaintiffs' have merely alleged that the foul and noxious odor emanating from defendant's facility makes it impossible for them to fully use and enjoy their property. The "particles" alleged to give rise to plaintiffs' claims of trespass are "noxious odor particles." Under the authority set forth above, such allegations amount to a claim of nuisance, rather than a claim of trespass.

■ This court notes, however, that discovery in this case is ongoing, which raises a question as to the appropriate remedy under the circumstances. When pressed at oral argument, plaintiffs' counsel argued that plaintiffs should be entitled to take additional discovery in an effort to determine whether some chemical by-product or other particulate has entered and settled upon plaintiffs' property causing actual substantial damage to the res. Ultimately, under the circumstances of this case, this court finds that plaintiffs' trespass claims should be dismissed at this time. It is clear from both the arguments presented to this court throughout this litigation and the discovery responses tendered to defendant that the claims being asserted by plaintiffs in this case relate solely to the alleged "Darling Odor." For the reasons set forth above, such allegations are more appropriately pled as nuisance, and are insufficient to ground a claim of trespass. Moreover, this court finds that, without more, the resident plaintiffs' bald claim that additional discovery might yield some evidence of an as yet unidentified microscopic physical particulate is not a sufficient basis for allowing plaintiffs' trespass count to go forward.

This court is reluctant, however, to completely rule out the possibility that subsequent discovery may indeed reveal some physical invasion sufficient to ground a claim of trespass. Accordingly, this court will dismiss plaintiffs' trespass claims without prejudice. If plaintiffs are able to

adduce evidence during discovery which would be sufficient to require submission of the plaintiffs' trespass claims to a jury, plaintiffs may file a motion to reinstate their trespass claims. Any such motion must be filed within thirty days of the close of discovery. If such a motion is filed, and this court deems plaintiffs' evidence of trespass sufficient to require submission of those claims to a jury, this court will reinstate plaintiffs' trespass claims at that time. If, however, such a motion is not filed, or filed and denied, this court will enter judgment at that time for defendant on plaintiffs' trespass count.

Therefore, for the reasons set forth above, this court will dismiss plaintiffs' trespass count without prejudice at this time.

### iii. Motion to strike negligence count as redundant

Defendant's next claim is that this court should strike plaintiffs' negligence count pursuant to Fed.R.Civ.P. 12(f) because it is redundant with plaintiffs' nuisance count.

Rule 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any ... redundant, immaterial, impertinent, or scandalous matter." Defendant contends that this court should strike plaintiffs' negligence count as redundant because the standards of proof required to establish plaintiffs' claims for negligence and nuisance are virtually identical.

This court should reject defendant's argument. The allegation in a claim of nuisance is that the defendant's conduct created a substantial and unjustified interference with the use and enjoyment of plaintiffs' property. *See Traver Lakes v. Douglas Co.,* 224 Mich.App. 335, 344–45, 568 N.W.2d 847 (1997). Plaintiffs' claims of negligence in this case are somewhat more broad. Plaintiffs have alleged generally that defendant breached a duty of care which resulted in the release of certain noxious odors. Plaintiffs have claimed that they suffered damages as a result of this allegedly negligent conduct,

and some of those alleged damages do not relate to the use and enjoyment of their property. For example, some plaintiffs have complained of physical discomfort resulting from the odor in public places outside their homes. Under the circumstances, the two counts are not redundant. Moreover, even to the extent that the negligence claims are seeking redress for conduct affecting the use and enjoyment of plaintiffs' property, the claims are not redundant, because different elements of proof are required for the negligence claims and the nuisance claims. The negligence analysis requires the court to address the reasonableness of the *defendant's conduct,* while the nuisance analysis requires the court to address the reasonableness of the *interference* with the plaintiff's property *irrespective of the reasonableness of the defendant's conduct in creating or maintaining the interference. See id.* at 346–47, 568 N.W.2d 847. Accordingly, there are significant differences between the negligence and nuisance claims in this case.

This court also notes that it became clear during oral argument that defendant's primary concern is that plaintiffs be prevented from "double-dipping," that is, recovering for the same injury through both their negligence and nuisance counts. This court accepts defendant's contention that such recovery would be impermissible. This court finds, however, that any threat of double recovery may be abated by appropriate jury instructions at the time of trial.

Accordingly, for the reasons set forth above, this court will deny defendant's motion pursuant to Fed.R.Civ.P. 12(f) to strike plaintiffs' negligence count.

### iv. Statute of limitations

Defendant's final argument in the *Ramik* case is that plaintiffs' recovery is partially time-barred by the applicable statute of limitations.

The parties do not dispute that a three-year limitations period governs this action pursuant to Mich.Comp.Laws § 600.5805(7). Defendant claims that this three-year statute of limitations prevents plaintiffs from recovering damages for any injuries which they sustained more than three years prior to the date the complaint was filed. Defendant relies primarily on *Slayton v. Michigan Host, Inc.*, 144 Mich. App. 535, 376 N.W.2d 664 (1985), and *Horvath v. Delida*, 213 Mich.App. 620, 627, 540 N.W.2d 760 (1995). In *Slayton*, the Michigan Court of Appeals noted specifically that:

> [w]here applied in Michigan, [the continuing wrong] doctrine provides that '[w]here there are continuing wrongful acts within the period limited by statute ... recovery is not barred.' *Defnet v. Detroit*, 327 Mich. 254, 258, 41 N.W.2d 539 (1950). However, while complete recovery may not be barred under the continuing wrong theory, the damages recoverable are limited to only those occurring within the period of limitation and, where appropriate, after the filing of the complaint. *Phelps v. Detroit*, 120 Mich. 447, 79 N.W. 640 (1899).

*Slayton*, 144 Mich.App. at 555–56, 376 N.W.2d 664. Similarly, the court in *Horvath* noted that, "where the continuing wrongful acts doctrine applies, the damages recoverable are limited to those occurring within the applicable limitations period ...." *Horvath*, 213 Mich.App. at 627, 540 N.W.2d 760.

In response to this authority, plaintiff cites *Sumner v. Goodyear Co.*, 427 Mich. 505, 398 N.W.2d 368 (1986), in which the Michigan Supreme Court explicitly stated:

> We note, for the purposes of clarification, that once jurisdiction is attained through the continuing violations doctrine, the remedy should be designed to make the plaintiff whole for the entire injury he has suffered. This has been the view of the great majority of the federal courts. *See, e.g., McKenzie v. Sawyer*, 684 F.2d 62 (D.C.Cir.1982) ("Once having shown discrimination continuing into the actionable period, ...

the plaintiffs may also recover for portions of the persistent process of illegal discrimination that antedated the limitations period.")

*Id.* at 542 n. 15, 398 N.W.2d 368. Subsequent to *Sumner*, one panel of the Michigan Court of Appeals interpreted the continuing violations theory to allow a plaintiff to seek damages for violations that occurred outside the limitation period if the violations are "continuing in nature and at least one of the discriminatory acts falls within the statutory limitations period." *Rasheed v. Chrysler Motors Corp.*, 196 Mich.App. 196, 207, 493 N.W.2d 104 (1992), *rev'd on other grounds*, 445 Mich. 109, 517 N.W.2d 19 (1994). This language seems directly to contradict the language set forth in *Slayton* and *Horvath*.

To further complicate matters, the Sixth Circuit held in a recent unpublished opinion related to a nuisance case that "[t]he district court properly followed the prevailing rule in Michigan articulated in *Slayton*, and later in *Horvath* .... '[W]hile complete recovery may not be barred under the continuing wrong theory, the damages recoverable are limited to only those occurring within the period of limitation.' *Slayton*, 376 N.W.2d at 675." *Johnson v. Indresco, Inc.*, 124 F.3d 197 (table), 1997 WL 468329 at *3 (6th Cir.1997).

This court is in a difficult position because it is bound by the rulings of the Sixth Circuit, but it is also bound to apply the law as interpreted by the Michigan Supreme Court in this diversity case. Ultimately, this court will accept defendant's argument on this point and will apply the law as interpreted by the Sixth Circuit in *Johnson* and as stated in *Slayton* and *Horvath*. *Sumner* adopts a version of the continuing violation test for use in discrimination cases under Michigan's Elliott–Larsen Civil Rights Act. The Michigan Supreme Court's holding in *Sumner* is based on the holdings of several federal courts *outside the Sixth Circuit* in various civil rights cases. *Johnson* and *Horvath* are both cases involving property damage

caused by alleged tortious conduct. Though *Slayton,* itself, is a case brought pursuant to Elliott–Larsen, the *Slayton* court noted that it was applying the doctrine as previously applied in nuisance and trespass cases. There are clear distinctions between the civil rights context and the property damage context which would indicate that a more comprehensive remedy is desirable in cases of civil rights violations.

Accordingly, it would appear to this court that the best way to reconcile the apparent inconsistency under Michigan law would be to find that the *Sumner* rule is a special adaptation of the continuing violations doctrine applicable only in civil rights cases. Under those circumstances, this court finds that the *Sumner* rule is inapplicable to this case, and therefore, plaintiffs' recovery is partially barred by the three-year statute of limitations in this case.

### v. Conclusion in the *Ramik* case

For the reasons set forth above, this court will **GRANT** defendant's motion for partial dismissal and/or summary judgment with respect to plaintiffs' claims for punitive damages, trespass, and damages for injuries occurring more than three years prior to the filing of the complaint. This court will **DENY** defendant's motion with respect to exemplary damages and the claim of redundancy of the negligence and nuisance counts.

### B. The *City of Melvindale* case

As set forth above, claims (i.), (ii.) and (iii.) in the *City of Melvindale* case are essentially identical to claims (ii.), (iii.) and (iv.) in the *Ramik* case, and the parties have offered similar arguments in support of their respective positions. Accordingly, this court will dispose of those issues in accordance with the discussion above.

There are only a few additional observations that should be made.

■ With respect to the issue of the validity of the City's claims of trespass, the complaint in the *City of Melvindale* case does not even allege any impact on the City's property other than noxious odor. The complaint repeatedly refers to "uncivil, ghastly, acerbic and repulsive odors," but includes no averment, either in the common allegations (¶¶ 8–20) or the trespass count (¶¶ 43–54), of any physical invasion or "substantial actual damage to the res."[3] As set forth above, allegations of noxious odor are not, without more, sufficient to state a claim for trespass. Accordingly, for the reasons set forth in ¶ A(ii), *supra,* this court will dismiss the trespass count of the City's complaint without prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

With respect to the issue of whether the City's negligence claims and nuisance claims are redundant, the City, like the plaintiffs in the *Ramik* case, has asserted some claims which relate to the use of its property, and some claims which do not. For example, the City has asserted a claim that it has suffered damages in the form of lost tax revenue because of deflating real estate prices allegedly due to defendant's noxious odors. Moreover, as set forth above, any threat of double recovery may be alleviated by proper instructions to the jury at trial. Accordingly, for the reasons set forth in ¶ A(iii), *supra,* this court will deny defendant's motion to strike based on the alleged redundancy of the negligence and nuisance counts in the *City of Melvindale* case.

With respect to the statute of limitations argument, the claims made by the parties and the authority cited by the parties are

---

**3.** This court does note that the City attempted at oral argument to introduce a police report which *allegedly* indicates that certain substances being transported in trucks owned by defendant were deposited on various public roadways in the City of Melvindale. Any such evidence, however, is not consistent with the allegations in the complaint. Moreover, this court will construe this portion of defendant's motion as a motion to dismiss pursuant to Rule 12(b)(6), and this court will decline to consider any matters outside the pleadings.

identical to the claims and authority contained in the *Ramik* discussion. Accordingly, for the reasons set forth in ¶ A(iv), *supra*, this court will grant defendant's motion as it relates to the statute of limitations in the *City of Melvindale* case.

The only issue present in the *City of Melvindale* case not present in the *Ramik* case is the issue raised by defendant's contention that the City lacks standing to assert claims on behalf of the residents of Melvindale. Essentially, defendant argues that the City should no be allowed to raise claims on behalf of its citizens because the citizens themselves are in the best position to assert those rights. Defendant claims that this is particularly true given that the residents of the City have an almost identical case already pending before this court.

**■** Ultimately, it is true that the City does not have standing to sue defendant for damages on behalf of its citizens. *See Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691 (6th Cir.1994) (holding that a party does not have standing to "litigat[e] another person's legal rights"). However, at oral argument, the City conceded this point and indicated that it has not brought, nor does it intend to bring in the future, any claims on behalf of its citizens. Rather, the City has filed this lawsuit to protect its own interests, and there are substantial claims brought by the City which it does have standing to assert. Among them are claims that the defendant's odor constitutes an unreasonable interference with the City's use of its own property, and claims that the City has suffered a loss of tax revenue from declining property values allegedly due to the noxious odors emitted by defendant's facility. *See City of New York v. Fillmore Real Estate, Ltd.*, 665 F.Supp. 178, 182 (E.D.N.Y.1987) (holding that the City of New York had standing to assert claim that defendant's discriminatory practices depressed real estate values, thereby decreasing the City's tax revenues).

Given the City's admission on the record at oral argument that it may not bring any claims on behalf of its citizens, this court will deny defendant's motion as moot.

Therefore, for the reasons set forth above, this court will **GRANT** defendant's motion for partial dismissal and/or summary judgment in the *City of Melvindale* case with respect to the City's claims for trespass and the City's claims for damages resulting from injuries occurring more than three years prior to the filing of the complaint. That court will **DENY** defendant's motion as it relates to the request to strike the City's negligence claim as redundant. In addition, this court will **DENY as moot** defendant's instant motion as the motion relates to the issue of the City's standing to assert claims on behalf of its citizens.

## Conclusion

For the reasons set forth above, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the motion for partial dismissal and/or summary judgment filed by defendant, Darling International, Inc., in *Ramik v. Darling Int'l, Inc.*, 98–40276, is **GRANTED in part and DENIED in part** in accordance with the terms set forth in this opinion.

**IT IS FURTHER ORDERED** that the motion for partial dismissal and/or summary judgment filed by defendant, Darling International, Inc., in *City of Melvindale v. Darling Int'l, Inc.*, 98–40439, is **GRANTED in part and DENIED in part** in accordance with the terms set forth in this opinion.

**SO ORDERED.**