CONWAY *v.* GAMPEL.

1. NUISANCE—SLAUGHTER HOUSE IN RESIDENTIAL SECTION.
   Courts will view with greater severity the invasion of a purely residential section by a slaughter house, claimed by the residents to be a nuisance, than they would if the business had been long established.[1]

2. SAME—PRIMA FACIE NUISANCE.
   A slaughter house established in a purely residential section is *prima facie* a nuisance.[2]

3. SAME—INJUNCTION—EVIDENCE REQUIRED TO ENJOIN NUISANCE.
   Although a slaughter house in a purely residential section

---

[1]Nuisances, 29 Cyc. p. 1163; [2]Id., 29 Cyc. p. 1181.
Location of slaughterhouse as nuisance, see note in 27 A. L. R. 329.

is *prima facie* a nuisance, a court of equity requires evidence of the fact of actual nuisance before it will enjoin.[3]

4. Same—Violation of Ordinance.

Although the court may not enjoin in all cases the conducting of a business in a purely residential section because it violates an ordinance, it will do so if there is in fact a nuisance.[4]

5. Same—Evidence of Property Depreciation Considered in Enjoining Nuisance.

Evidence that a claimed nuisance has depreciated the value of property may be considered as regards the fact of nuisance, although for this element alone there may be an adequate remedy at law.[5]

6. Same—Slaughter House a Nuisance.

The finding of the court below that the conducting of a slaughter house business in a purely residential section is a nuisance, *held*, supported by the evidence.[6]

Appeal from Wayne; Jayne (Ira W.), J.     Submitted April 21, 1926.     (Docket No. 16.)     Decided July 1, 1926.   Rehearing denied October 4, 1926.

Bill by Charles G. Conway and others against Alter Gampel and another to enjoin the operation of a slaughter house.     From a decree for plaintiffs, defend Gampel appeals.     Affirmed.

*Stevenson, Butzel, Eaman & Long* (*Rolla L. Carpenter*, of counsel), for plaintiffs.

*William Henry Gallagher* (*William H. Kaplan*, of counsel), for appellant.

CLARK, J.     Defendant Gampel owns a dwelling at 650 Leicester court, Detroit.     It is in a strictly residential district, most of the lots in that particular locality being restricted of record.     Defendant put up a small building on the rear of his lot.     It was at first thought by neighbors to be a garage.     Later

---

[3]Nuisances, 29 Cyc. p. 1244; [4]Id., 29 Cyc. p. 1165 (Anno); [5]Id., 29 Cyc. p. 1245; [6]Id., 29 Cyc. p. 1247.

it proved to be a slaughter house, and defendant there conducts his business of slaughtering fowls. Plaintiffs are resident owners of dwellings in the immediate neighborhood. Some dwellings are close to the place and five or six are within 200 feet. The bill seeks injunction on these grounds: Violation of ordinance of the city, violation of general plan of building restrictions, and nuisance. The trial judge found first a nuisance, but he found also and enjoined on the second ground. Defendant has appealed.

If plaintiffs have established right to injunctive relief on any of the grounds, the decree must be affirmed. We think that the trial judge was right in his first finding. A court will view with greater severity defendant's invasion of this purely residental section by this business than it would view the case if defendant were but continuing or extending a long-established business. *Shimberg* v. *Risdon Creamery Co.,* 215 Mich. 94. The slaughter house in this neighborhood is *prima facie* a nuisance. 29 Cyc. p. 1181.

"Slaughter houses have been declared to be within the class recognized by the law as in their nature nuisances. They were originally regarded when located in a city or town as nuisances *per se,* and have been held to be such in somewhat recent cases. According to the weight of authority, however, slaughter houses are now regarded as *prima facie* nuisances. * * *

"And a slaughter house which, by reason of its location, or the manner in which it is conducted, affects a person's health, or renders his enjoyment of life physically uncomfortable, or materially injures his property, will constitute a nuisance which may be enjoined." Joyce on Nuisances, §§ 126, 127.

But even in such a case a court of equity requires evidence of the fact of actual nuisance before it will enjoin. 2 Wood on Nuisances (3d Ed.), 767. Although the court may not enjoin in all cases the conducting of the business merely because it violates the

ordinance, it will enjoin if there is in fact a nuisance. *Village of St. Johns* v. *McFarlan*, 33 Mich. 72 (20 Am. Rep. 671).

There is evidence that the claimed nuisance has depreciated the value of the property of some of the plaintiffs. For this element alone there may be an adequate remedy at law. (*Ballentine* v. *Webb*, 84 Mich. 38 [13 L. R. A. 321]), but the evidence may be considered as regards the fact of nuisance (Joyce on Nuisances, *supra*).

There is some evidence of the character usual in such cases and which need not be set forth, of physical discomfort and annoyance of plaintiffs or some of them. L. R. A. 1917C, 212, note; 27 A. L. R. 329, note; *Brink* v. *Shepard*, 215 Mich. 390 (18 A. L. R. 116). We think the evidence sufficient to support the finding.

Other questions have been considered but do not require discussion.

It follows that the decree is affirmed, with costs to plaintiffs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.