32 F.3d 569
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRYSLER CORPORATION, a Delaware Corporation, Plaintiff-Appellant,
v.
FRANKLIN MINT CORPORATION, a Pennsylvania corporation,
Defendant-Appellee.
 No. 93-2522.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; ENGEL, Senior Circuit Judge.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Plaintiff, Chrysler Corporation, appeals the denial of its motion for a temporary restraining order and for a preliminary injunction against defendant, Franklin Mint Corporation. Plaintiff sought to restrain defendant from advertising, manufacturing, and selling a miniature replica of plaintiff's 1948 Town and Country automobile.
 
 
 2
 Counsel for the parties appeared before the district court to argue plaintiff's motion for a temporary restraining order. No oral testimony was taken, and no exhibits were received in evidence. Instead, counsel argued the applicable law and put forward their versions of the facts. Reference was made to an affidavit filed by defendant, and various exhibits which had been attached to previous filings. Counsel for each party disputed the version of the facts recited by his opponent. The district court denied the motion for a temporary restraining order, and also denied plaintiff's request for a preliminary injunction. No findings of fact or conclusions of law were issued, as required by Federal Rule of Civil Procedure 52(a).
 
 
 3
 Although the procedure followed by the district court was probably adequate to equip it to rule upon the motion for a temporary restraining order, the court erred when it went on to consider the request for a preliminary injunction. When it becomes apparent, through the arguments of counsel and submitted affidavits, that there is a conflict in the facts relevant to a request for interlocutory injunctive relief, a district court should conduct an evidentiary hearing designed to elicit evidence that will facilitate the resolution of the factual disputes. Furthermore, at the time a request for a temporary restraining order is being considered, parties ordinarily will not have had sufficient time to collect and marshal their evidence and to prepare adequately their legal arguments. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 441 (1974). And, in the absence of findings of fact and conclusions of law, an appellate court rarely will be in the position to review an order granting or denying a preliminary injunction.
 
 
 4
 All these factors lead us to conclude that consideration of the request for a preliminary injunction was premature and that the cause must be remanded for further proceedings.
 
 
 5
 Consideration of a motion for a preliminary injunction does not implicate a final determination of the merits of a lawsuit; instead, an essential concern is preserving the existing state of affairs until the rights of the parties can be fully investigated and fairly determined. Blount v. Societe Anonyme Du Filtre Chamberland Systeme Pasteur, 53 F. 98, 101 (6th Cir.1892). This concern involves the court in weighing the necessity of preserving its power to ultimately and effectively decide the case against the risk that harmful consequences will attend the imposition of preliminary injunctive relief. See 11 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Sec. 2947 (1973).
 
 
 6
 The traditional standards to which a district court's attention is directed, when considering a motion seeking a preliminary injunction, require "the plaintiff to show that in the absence of its issuance he will suffer irreparable injury and also that he is likely to prevail on the merits. It is recognized, however, that a district court must weigh carefully the interests on both sides." Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975). The formulation we have employed to assist in the weighing of the interests on both sides requires the consideration of four factors: (1) whether there is a strong or substantial likelihood of the plaintiff's success on the merits; (2) whether an injunction will save the plaintiff from irreparable injury; (3) whether an injunction will harm others, including the defendant; and (4) the impact the court's ruling will have upon the public interest. See, e.g., International Longshoremen's Ass'n v. Norfolk Southern Corp., 927 F.2d 900, 903 (6th Cir.), cert. denied, 112 S.Ct. 63 (1991). These factors are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. In re Eagle-Pitcher Indus., Inc., 963 F.2d 855, 859 (6th Cir.1992). While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. Furthermore, the plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. Granny Goose Foods, Inc. at 441.
 
 
 7
 In infringement cases, we have noted the primacy of the irreparable injury factor, which in the context of those cases tends to revolve around a determination of whether a mark's owner has demonstrated that a defendant's use of the disputed mark creates a likelihood of confusion in the sense that customers will mistake the user's products for those of the owner, or customers will conclude that the owner sponsors or approves of the user's product or his use of the mark, or the owner's reputation will be harmed by its inability to control and protect its mark. See, e.g., Wynn Oil Co. v. American Way Service Corp., 943 F.2d 595, 599-600 (6th Cir.1991); YMCA v. Flynt YMCA, 764 F.2d 199, 201 (6th Cir.1985); Frisch's Restaurant, Inc. v. Shoney's, Inc., 759 F.2d 1261, 1264 (6th Cir.1985); Frisch's Restaurant, Inc. v. Elby's Big Boy of Steubenville, 670 F.2d 642, 647-48 (6th Cir.1982).
 
 
 8
 The order denying the preliminary injunction is vacated and this cause is remanded to the district court for further proceedings.