PALMER v WESTERN MICHIGAN UNIVERSITY

Docket No. 188933. Submitted December 18, 1996, at Grand Rapids.
Decided June 10, 1997, at 9:20 A.M. Leave to appeal sought.

Gordon Palmer, as next friend of Jonathan Palmer, a minor, brought
an action in the Court of Claims against Western Michigan Univer-
sity, seeking damages for injuries sustained by Jonathan when he
was struck by an automobile while crossing a street on the defend-
ant's campus at a designated crosswalk. The crosswalk was
marked with signs directed toward the vehicular traffic that
required the vehicles to "stop for pedestrians," but the signs did not
conform to the specifications outlined in the Michigan Manual of
Uniform Traffic Control Devices. The case was consolidated with
another case that the plaintiff had brought against others in the
Kalamazoo Circuit Court that arose out of the same facts. The con-
solidation did not merge the cases together and the two cases
remained separate. The Court of Claims, John F. Foley, J., entered
an order granting summary disposition for the university. The plain-
tiff appealed.

The Court of Appeals *held*:

1. The defendant's act of designing and erecting the sign was
authorized by statute and, therefore, was not ultra vires activity,
which would not be entitled to the benefit of governmental immu-
nity. The activity is still considered a governmental function pro-
tected by governmental immunity even though the defendant may
have performed the activity improperly by designing and erecting a
sign that did not conform to the specifications outlined in the Mich-
igan Manual of Uniform Traffic Control Devices.

2. The plaintiff's claim against the defendant did not fall under
the highway exception to governmental immunity. MCL
691.1402(1); MSA 3.996(102)(1) explicitly states that the duty of the
state to maintain highways does not include crosswalks. Section
2(1) excludes from the highway exception specific installations
whose only rational purposes narrowly service the unique needs of
pedestrians.

3. The Court of Claims properly found that the signs could not be
considered a nuisance per se.

Affirmed.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS.

    A governmental agency performs a governmental function and is immune from tort liability when it is engaged in an activity that is expressly or impliedly mandated or authorized by constitution, statute, or other law.

2. GOVERNMENTAL IMMUNITY — STATE UNIVERSITIES — TRAFFIC SIGNS.

    A state university is authorized by statute to regulate vehicular and pedestrian traffic on its campus; the erection of a traffic sign to protect pedestrians on a campus is an extension of that authority (MCL 390.891; MSA 15.1120[51]).

3. GOVERNMENTAL IMMUNITY — STATE UNIVERSITIES — TRAFFIC SIGNS.

    A state university's erection of a traffic sign to protect pedestrians on its campus is a statutorily authorized governmental function even where the sign does not conform to the specifications outlined in the Michigan Manual of Uniform Traffic Control Devices (MCL 390.891; MSA 15.1120[51]).

4. GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — CROSSWALKS — STOP FOR PEDESTRIANS SIGNS.

    The duty of the state to maintain highways under its jurisdiction does not include crosswalks or specific installations, such as a "stop for pedestrians" sign, whose only rational purpose narrowly services the unique needs of pedestrians (MCL 691.1402[1]; MSA 3.996[102][1]).

5. GOVERNMENTAL IMMUNITY — NUISANCE PER SE — STOP FOR PEDESTRIANS SIGNS.

    A nuisance per se is an activity or condition that constitutes a nuisance at all times and under all circumstances, without regard to the care with which it is conducted or maintained; a "stop for pedestrians" sign placed at a pedestrian crosswalk to warn motorists that they must stop for crossing pedestrians is not a nuisance per se.

*Field & Field, P.C.* (by *Samuel T. Field*), for the plaintiff.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Ronald E. Baylor* and *Scott R. Sikkenga*), for the defendant.

Before: BANDSTRA, P.J., and HOEKSTRA and S. F. COX*, JJ.

BANDSTRA, P.J. Plaintiff appeals as of right the Court of Claims' order granting summary disposition to defendant. We affirm.

This case arises out of an incident where Jonathan Palmer, a minor, was struck by a car while crossing West Michigan Avenue at a designated crosswalk on the campus of defendant Western Michigan University. At each end of the crosswalk, defendant had erected a white, rectangular-shaped sign, directed toward vehicular traffic, with the word "STOP" written in white letters on a red octagon and, beneath that, the words "FOR PEDESTRIANS" written in red letters. Plaintiff claims that defendant engaged in ultra vires conduct by erecting a nonconforming sign, that defendant breached its duty to maintain the highway in reasonable repair so that the highway was safe for public travel, and that the erection of the sign constituted a nuisance per se.

Plaintiff first argues that the Court of Claims erred in rejecting his claim that defendant was not entitled to the benefit of governmental immunity because its action of designing and erecting a "stop for pedestrians" sign was ultra vires. We disagree. When a governmental agency engages in an activity that is expressly or impliedly mandated or authorized by constitution, statute, or other law, it is performing a governmental function and is immune from tort liability. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 620; 363 NW2d 641 (1984). In this case, we

---

* Circuit judge, sitting on the Court of Appeals by assignment.

conclude that defendant was impliedly authorized, pursuant to MCL 390.891; MSA 15.1120(51), to erect a "stop for pedestrians" sign that regulated traffic on its campus.

MCL 390.891; MSA 15.1120(51) expressly authorizes a state university, such as defendant, to regulate vehicular and pedestrian traffic on its campus. Erection of a traffic sign to protect pedestrians is an extension of that authority. Thus, defendant's conduct was not ultra vires because it was impliedly authorized to erect the "stop for pedestrians" sign. Furthermore, even though defendant may have performed the activity improperly by designing and erecting a sign that did not conform to the specifications outlined in the Michigan Manual of Uniform Traffic Control Devices, the activity is still considered a governmental function and defendant is still protected by governmental immunity. *Richardson v Jackson Co,* 432 Mich 377, 385-386; 443 NW2d 105 (1989).

Plaintiff next argues that the Court of Claims erred in finding that plaintiff's claim against defendant did not fall under the highway exception to governmental immunity provided by statute, MCL 691.1402(1); MSA 3.996(102)(1). Again, we disagree. Section 2(1) provides, in pertinent part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person sustaining bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency. . . . The duty of the state and the county road commissions to repair and maintain highways, and the

> liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.

Section 2(1) explicitly states that the duty of the state to maintain and be liable for highways does not include crosswalks. This limiting sentence of the highway exception applies to defendant.[1]

This language was recently interpreted by our Supreme Court in *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130; 523 NW2d 791 (1994), amended 451 Mich 1236; 549 NW2d 575 (1996). There, the plaintiff, while crossing a street, was struck by a car that ran a red light at the intersection. He sued Wayne County, alleging that Wayne County failed to maintain the streets and intersection in reasonable repair by not installing stop signs, a pedestrian overhead walkway, a flashing red stoplight, school advance signs, school crossing signs, school speed limit signs, and school pavement markings. 447 Mich 133. Our Supreme Court rejected this claim, interpreting § 2(1) as excluding from the highway exception "specific installations whose only rational purposes narrowly service the unique needs of pedestrians." *Id.* at 136. Similarly, plaintiff's claim here must fail. Because the only rational purpose of the "stop for pedestrians" sign narrowly services the unique needs of pedestrians, defendant's actions of designing and erecting the

---

[1] For purposes of governmental immunity, a public university, such as defendant, is considered to be a state entity. MCL 691.1401(c); MSA 3.996(101)(c).

sign do not fall within the highway exception to the governmental immunity act.[2]

Plaintiff also argues that the Court of Claims erred in finding that defendant's design and erection of the "stop for pedestrians" sign was not a nuisance per se. We disagree. A nuisance per se is "an activity or condition which constitutes a nuisance at all times and under all circumstances, without regard to the care with which it is conducted or maintained." *Li v Feldt (After Second Remand)*, 439 Mich 457, 476-477; 487 NW2d 127 (1992). In *Li, id.* at 462-463, the plaintiff argued that an improperly timed traffic light, which was operated by the City of Ann Arbor, caused an automobile accident. Our Supreme Court rejected the plaintiff's claim and held that the operation of a traffic light cannot be considered "an intrinsically unreasonable or dangerous activity, without regard for care or circumstances." *Id.* at 477. The Court stated that the operation of a traffic light serves a beneficial public purpose and is quite capable of being performed in a manner so as not to pose any nuisance. *Id.*

In this case, we conclude that the "stop for pedestrians" sign cannot be considered a nuisance per se. Rather, the sign, like the improperly timed traffic light in *Li*, serves a beneficial public purpose by warning motorists that they must stop for crossing pedestri-

---

[2] We find plaintiff's reliance on *Pick v Szymczak*, 451 Mich 607; 548 NW2d 603 (1996), to be misplaced. In *Pick, id.* at 619, our Supreme Court held that "a duty to provide adequate warning signs or traffic control devices at known points of hazard arises under the highway exception . . . , MCL 691.1402; MSA 3.996(102)." However, the crosswalks exclusion to the highway exception was not at issue in *Pick*. Moreover, the Court cited *Mason, supra*, and explicitly stated that a claim involving a defect in a crosswalk is expressly precluded by the language contained in § 2(1). *Pick, supra* at 619, n 10.

ans. The crosswalk area becomes dangerous only
when an inattentive driver, like the driver in the pres-
ent case, overlooks the sign or notices it but chooses
to ignore it. Although the sign in this case might have
been designed better, like the light in *Li* might have
been timed better, its placement at the crosswalk
does not "constitute an intrinsically unreasonable or
dangerous activity, without regard for care or circum-
stances," *id.*, and it is not a nuisance per se.

We affirm.