**Peter John RAMIK, et al., Plaintiffs,**

**v.**

**DARLING INTERNATIONAL, INC., Defendant.**

**City of Melvindale, Plaintiff,**

**v.**

**Darling International, Inc., Defendant.**

Nos. Civ. 98–40276, Civ. 98–40439.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 10, 2001.

David R. Dubin, Detroit, MI, for plaintiff.

William H. Horton, Troy, MI, for defendant.

*OPINION AND ORDER*

GADOLA, District Judge.

Before the Court are the following motions: the *Ramik* Plaintiffs' Motion for Summary Judgment as to Liability; Plaintiff City of Melvindale's Motion for Summary Judgment as to Liability; and Plaintiff City of Melvindale's Motion for Rule 65 Injunctive Relief. For reasons stated below, this Court denies Plaintiffs' motions for summary judgment and Plaintiff City of Melvindale's motion for a preliminary injunction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Darling International, Inc. owns and operates a "rendering" plant in the City of Melvindale. Rendering is a form of "recycling" that involves using heat and pressure to reduce dead animals and inedible animal parts from the slaughtering process into ingredients for consumer, medical, and industrial products. Two separate actions have now been filed against Defendant resulting from complaints about Defendant's business practices. *Ramik v. Darling International, Inc.*, No. 98–40276, and *City of Melvindale v. Darling International, Inc.*, No. 98–40439. All Plaintiffs assert that Defendant's plant emits noxious odors and pollutants including animal by-product air contaminants, the so-called "Darling odor."

On February 22, 1998, Plaintiffs in *Ramik* (the "*Ramik* Plaintiffs") filed the instant civil action in the Circuit Court for the County of Wayne. Defendant subsequently removed the case to this Court based on this Court's diversity jurisdiction. In the operative Complaint at this point in the litigation—the First Amended Complaint filed June 12, 2000—the *Ramik* Plaintiffs assert claims for trespass (Count I), nuisance (Count II), and negligence and/or gross negligence (Count III).

On May 24, 1999, this Court entered an order granting the *Ramik* Plaintiffs' motion for class certification in part, certifying a class for injunctive relief only pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Court declined to certify a class for damages pursuant to Rule 23(b)(3) because the *Ramik* Plaintiffs were unable to demonstrate that common issues of law and fact predominated among the claims of the members of the purported class.

Meanwhile, on July 30, 1998, Plaintiff City of Melvindale filed a Complaint in the Circuit Court for the County of Wayne. Defendant subsequently removed the case to this Court based on this Court's diversity jurisdiction. In its Complaint, Plaintiff City of Melvindale asserted claims for nuisance (Count I), trespass (Count II), negligence (Count III), violation of a city ordinance prohibiting the creation of a public nuisance (Count IV), and declaratory judgment (Count V). Plaintiff City of Melvindale's claims for relief are not brought on behalf of its citizens but are intended to protect its own interests, such as interference with Plaintiff City of Melvindale's use of its own property and loss of tax revenue from declining property values. *See Ramik v. Darling International, Inc.*, 60 F.Supp.2d 680, 692 (E.D.Mich.1999). On July 30, 1999, this Court entered a Memorandum Opinion and Order dismissing Plaintiff City of Melvindale's trespass claim for relief (Count II) for failure to state a claim upon which relief can be granted. *See id.* at 691. This Court also denied Defendant's motion to dismiss either Plaintiff City of Melvindale's negligence claim or nuisance claim as redundant, in part because "any threat of double recovery may be alleviated by proper instructions to the jury at trial." *Id.* On January 19, 2001, this Court dismissed Plaintiff City of Melvindale's claim for damages for alleged loss of tax revenue.

In orders entered on March 29, 2001 and August 20, 2001, this Court dismissed several of the *Ramik* Plaintiffs.

On February 16, 2001, the *Ramik* Plaintiffs filed their Motion for Summary Judgment as to Liability presently before this Court. On March 22, 2001, Plaintiff City of Melvindale filed its Motion for Summary Judgment as to Liability. On March 23, 2001, Plaintiff City of Melvindale filed its Motion for Rule 65 Injunctive Relief. On June 13, 2001, a hearing was held before this Court on these three motions.

## II. DISCUSSION

### A. The *Ramik* Plaintiffs' Motion for Summary Judgment as to Liability

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make

findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. According to the Supreme Court, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the nonmoving party must

do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990); *aff'd*, 929 F.2d 701, 1991 WL 49687 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 150 (6th Cir.1995).

■ The *Ramik* Plaintiffs assert that Defendant's emissions constitute a "nuisance per se." "A nuisance per se is 'an activity or condition which constitutes a nuisance at all times and under all circumstances, without regard to the care with which it is conducted or maintained.'" *Palmer v. Western Michigan University*, 224 Mich.App. 139, 144, 568 N.W.2d 359 (1997) (quoting *Li v. Feldt (After Second Remand)*, 439 Mich. 457, 476–477, 487 N.W.2d 127 (1992)). The activity in question must be "an intrinsically unreasonable or dangerous activity, without regard for care or circumstances." *Li*, 439 Mich. at 477, 487 N.W.2d 127. If the activity serves a beneficial public purpose and is capable of being performed in a manner so as not to pose any nuisance, then it cannot be considered a nuisance per se. *See id.; Palmer*, 224 Mich.App. at 144–45, 568 N.W.2d 359. Because "[t]he question as to what constitutes a nuisance per se is a question of law for the court ...," *Beard v. Michigan*, 106 Mich.App. 121, 124, 308 N.W.2d 185, 186 (1981) (citing *Brown v. Nichols*, 337 Mich. 684, 689, 60 N.W.2d 907 (1953)), it is well-suited for summary judgment.

In support of their motion, the *Ramik* Plaintiffs attached various complaints that Defendant's plant emits a bad odor. This appears to be an argument that the Defendant's activities is a nuisance in fact rather than a nuisance per se and, therefore, should not be considered at this stage because the parties agreed to bring only the nuisance per se issue of law to the Court's attention at this time.[1]

■ The *Ramik* Plaintiffs also argue Michigan case law provides that a rendering plant such as Defendant's constitutes a nuisance per se. A judicial determination that an activity is a nuisances per se is rare. Many years ago the Michigan Supreme Court ruled that decaying garbage in a "piggery," *Trowbridge v. Lansing,* 237 Mich. 402, 212 N.W. 73 (1927), and disposing of raw sewage in a river, *Attorney General ex rel. Wyoming Township v. Grand Rapids,* 175 Mich. 503, 141 N.W. 890 (1913), may constitute nuisances per se. There has been no determination in the case law, however, that just the sort of activity pursued by Defendant here constitutes a nuisance per se, and the trend in more recent case law appears to focus on whether an activity is a nuisance in fact. The *Ramik* Plaintiffs also cite *Conway v. Gampel,* 235 Mich. 511, 209 N.W. 562 (1926), for the proposition that the odor emitted from the processing of dead animals is a nuisance per se, but that case stands for the proposition that, "[a]ccording to the weight of authority . . . , slaughter houses are now regarded as prima facie nuisances." 235 Mich. at 513, 209 N.W. at 563. A prima facie nuisance is a kind of nuisance in fact, not a nuisance per se. Thus, in light of the case law presented by the *Ramik* Plaintiffs, this Court

cannot conclude that based on that case law, Defendant's activity is a nuisance per se.

Finally, the *Ramik* Plaintiffs argue that violation of a zoning ordinance constitutes a nuisance per se under Michigan law. Michigan Complied Laws, Section 125.587 provides, in pertinent part, that, "a use carried on in violation of a local ordinance or regulation adopted pursuant to [the City and Village Zoning Act, M.C.L. § 125.581, *et seq.*] is a nuisance per se." M.C.L. § 125.587. The *Ramik* Plaintiffs provided two sets of alleged violations as evidence: (1) various complaints filed with and violation notices issued by the Wayne County Department of Environment Air Quality Management Division (e.g., *Ramik* Pl.Ex. 8, 9, 11, 12, 13, 14) and (2) a "Stipulation for Entry of Final Order by Consent" that Defendant entered into in an action before the Wayne County Department of Environment Air Quality Management Division (*Ramik* Pls.Ex. 5).

■ Defendant first responds that under Michigan law, the *Ramik* Plaintiffs must have pled negligence per se in their First Amended Complaint, citing *Jenkins v. City of Detroit,* 138 Mich.App. 800, 805 n. 1, 360 N.W.2d 304 (1984) and *Pate v. Department of Transportation,* 127 Mich. App. 130, 135, 339 N.W.2d 3 (1983). These cases, however, do not stand for the proposition that a plaintiff must expressly plead nuisance per se; rather the courts looked to whether the allegations could reasonably be construed as asserting a claim for nuisance per se. A review of the nuisance claim in the *Ramik* Plaintiffs' First Amended Complaint does appear to sufficiently put Defendant on notice of a nuisance per se claim in addition to a nuisance

---

1. This Court has a general policy that motions for summary judgment will not be considered until after the close of discovery. *See, e.g., McLaren Performance Technologies, Inc. v.*

*Dana Corp.,* 126 F.Supp.2d 468, 470 (E.D.Mich.2000); *Helwig v. Kelsey–Hayes Co.,* 907 F.Supp. 253, 255 (E.D.Mich.1995).

in fact claim. Furthermore, Plaintiff City of Melvindale, whose Motion for Summary Judgment as to Liability relies on the *Ramik* Plaintiffs' motion, does specifically plead nuisance per se. Thus, even if this Court were to conclude that the *Ramik* Plaintiffs did not adequately plead nuisance per se, this Court still would have to address Plaintiff City of Melvindale's nuisance per se claim.

■ Second, Defendant argues that many Michigan cases show that industries similar to Defendant's do not constitute a nuisance per se. (*See* Def.Br. at 11, and cases cited therein.) Indeed, the only case involving a rendering plant indicates that, if operated in an area zoned for such use, it does not constitute a nuisance per se. *See Plassey v. S. Loewenstein & Son,* 330 Mich. 525, 48 N.W.2d 126 (1951).

■ Third, as to the *Ramik* Plaintiffs' zoning violation argument, Defendant asserts that there is no admissible evidence of a violation. The complaints filed with and notices issued by the Wayne County Department of Environment (e.g., *Ramik* Pl.Ex. 8, 9, 11, 12, 13, 14) are inadmissible because Defendant entered nolo contendere pleas in response. Rule 410 of the Federal Rules of Evidence bars admission of such pleas. Furthermore, the "Stipulation for Entry of Final Order by Consent" in an action before the Wayne County Department of Environment Air Quality Management Division (*Ramik* Pls.Ex. 5) does not constitute an admission as to any violation. Paragraph 4 of the Stipulation states that Defendant and the Wayne County Department of Environment Air Quality Management Division "agree that the signing of this Consent Order is for settlement purposes only and does not constitute in any way an admission of liability by [Defendant], nor an admission that the law has been violated." (*Id.*) Moreover, Rule 408 of the Federal Rules of Evidence

provides that settlements such as this are not admissible to prove liability for a claim.

Therefore, in the absence of any Michigan case law showing that Defendant's operation constitutes a nuisance per se, and in the further absence of any admissible evidence of a violation of state or municipal law, this Court denies the *Ramik* Plaintiffs' Motion for Summary Judgment as to Liability.

**B. Plaintiff City of Melvindale's Motion for Summary Judgment as to Liability**

For the most part, Plaintiff City of Melvindale relies on the *Ramik* Plaintiffs' Motion for Summary Judgment, and to the extent that it does, Plaintiff City of Melvindale's motion is denied for reasons set forth above. Plaintiff City of Melvindale also argues that the odor emitted by Defendant's process is a nuisance in fact as well as a nuisance per se. As noted above, this Court has a general policy that motions for summary judgment will not be considered until after the close of discovery. *See, e.g., McLaren Performance Technologies, Inc. v. Dana Corp.,* 126 F.Supp.2d 468, 470 (E.D.Mich.2000); *Helwig v. Kelsey–Hayes Co.,* 907 F.Supp. 253, 255 (E.D.Mich.1995). In light of this policy, Plaintiff City of Melvindale agreed to withdraw this portion of its motion because discovery is not yet completed and this part of the motion depends on factual issues.

**C. Plaintiff City of Melvindale's Motion for Rule 65 Injunctive Relief**

In a rather peculiar move after three years of litigation, Plaintiff City of Melvindale moves the Court for a "preliminary" injunction to require Defendant to implement changes at its plant to reduce the odor. "When ruling on a motion for a preliminary injunction, a district court

must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Memphis Planned Parenthood, Inc. v. Sundquist,* 175 F.3d 456, 460 (6th Cir.1999); *Blue Cross & Blue Shield Mutual of Ohio v. Blue Cross & Blue Shield Ass'n,* 110 F.3d 318, 322 (6th Cir.1997). *See Forry, Inc. v. Neundorfer, Inc.,* 837 F.2d 259, 262 (6th Cir.1988); *Unsecured Creditors' Committee of DeLorean Motor Co. v. DeLorean,* 755 F.2d 1223, 1228 (6th Cir.1985); *Mason County Medical Association v. Knebel,* 563 F.2d 256 (6th Cir.1977). These four considerations "are factors to be balanced, not prerequisites that must be met." *DeLorean,* 755 F.2d at 1229.

■ First, Plaintiff City of Melvindale does not have a strong likelihood of success on the merits of a claim of nuisance per se, as discussed above. In addition, Plaintiff City of Melvindale does not have a strong likelihood of success on the merits of a nuisance in fact claim in light of facts adduced by Defendant that the odor may be caused in part or in whole by other industries in the area. The mere possibility of success is not enough to obtain a preliminary injunction.

■■ Second, in general, in order to obtain a preliminary injunction, the harm that would result in the absence of the injunction must be irreparable, not merely substantial. *See Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). A moving party's harm is irreparable if monetary damages are difficult to calculate or will not adequately compensate for the injury. *See Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir.

1992). The harm allegedly suffered by Plaintiff City of Melvindale—e.g., decline in property value—are not irreparable since they can be compensated by monetary damages. Furthermore, Plaintiff City of Melvindale having waited three years to file a motion for preliminary injunction counts against its contention that the harm is irreparable.

■ Third, it appears that the issuance of the injunction would not cause substantial harm to non-parties, but it certainly would cause harm to Defendant. *See, e.g., Chrysler Corp. v. Franklin Mint Corp.,* No. 93–2522, 1994 WL 378144, at * 2, 32 F.3d 569 (6th Cir.1994) (reasoning that "harm to others" factor includes harm to the defendant). While Plaintiff City of Melvindale and its residents might even benefit from the injunctive relief Plaintiff City of Melvindale is seeking, it would harm Defendant by imposing substantial costs and upsetting the status quo. The purpose of a preliminary injunction is to preserve the status quo for trial. As the Supreme Court and the Sixth Circuit have recognized, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.,* 119 F.3d 393, 400 (6th Cir. 1997). Here, Plaintiff City of Melvindale is trying to get a "sneak preview" of some of the relief it seeks in this case in advance of trial.

Fourth, as in most cases, the "public interest" factor seems negligible. It is certainly in the public interest to reduce the noxious odors allegedly coming from Defendant's plant. It also in the public interest to resist efforts at preliminary injunction on the eve of trial after three years of litigation.

■ Therefore, this Court denies Plaintiff City of Melvindale's motion for a preliminary injunction primarily because Plaintiff City of Melvindale will not suffer irreparable harm.

## III. CONCLUSION

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment as to Liability [Case No. 98–40276, Docket Entry 149] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff City of Melvindale's Motion for Summary Judgment as to Liability [Case No. 98–40439, Docket Entry 143] is **DE-NIED** to the extent Plaintiff City of Melvindale argues nuisance per se and is deemed **WITHDRAWN** to the extend Plaintiff City of Melvindale argues nuisance in fact.

**IT IS FURTHER ORDERED** that Plaintiff City of Melvindale's Motion for Rule 65 Injunctive Relief [Case No. 98–40439, Docket Entry 144] is **DENIED.**

SO ORDERED.